UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DARRELL PRIDY, GREGORY NABORS, MICHAEL SANDERS, and RANDALL ABSTON, on behalf of themselves and all others similarly situated,<br><br>and<br><br>LOCAL UNION 702 OF THE UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRIES,<br><br>　　　Plaintiffs,<br><br>v.<br><br>DUKE ENERGY CORPORATION,<br><br>　　　Defendant. | Case No. 3:19-cv-00468<br>District Judge Aleta A. Trauger<br><br>CLASS ACTION<br>JURY DEMAND |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO AMEND THE FIRST AMENDED COMPLAINT

Plaintiffs, Darrell Pridy, Gregory Nabors, Michael Sanders, and Randall Abston ("Named Plaintiffs"), on behalf of themselves and all others similarly situated, and Plaintiff Local Union 702 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industries ("Local 702") (collectively, "Plaintiffs"), by and through counsel, file this Memorandum of Law In Support of their Motion to Amend the First Amended Complaint ("Complaint") [Dkt. 7].

## INTRODUCTION

Plaintiffs are a labor union and covered-employees who brought suit against Duke Energy Corporation ("Duke Energy"), whose wholly-owned subsidiary Piedmont Natural Gas Company,

1

Inc. ("Piedmont Gas") is the signatory to several collective bargaining agreements ("CBAs") with Local 702. [Dkt. 7][1]. As described in the Complaint, Plaintiffs allege the terms of those CBAs were violated when the company took it upon itself to unilaterally, and without notice, cancel thousands of hours of sick leave in accounts belonging to more than sixty of its long-time employees, including the Named Plaintiffs, giving rise to individual and class claims for the employees under ERISA and the Tennessee Human Rights Act, and giving rise to a cause of action on behalf of Local 702 under the LMRA.

On November 26, 2019, after full-briefing by the parties, the Court granted Duke Energy's motion to dismiss [Dkt. 10] on the basis that Plaintiffs' allegations failed to establish a basis for liability against Duke Energy either as a successor-in-interest to Piedmont Gas, or under a veil-piercing/alter-ego theory. [Dkt. 20 at p. 14]. However, the Court granted the motion to dismiss "without prejudice to the plaintiffs' ability to file a properly supported motion to amend their complaint to name the appropriate defendant and/or allege facts that support claims against Duke Energy on the basis of successor liability or veil piercing." *Id*.

Plaintiffs now file the instant motion to amend for the purpose of adding Piedmont Gas, the signatory to the applicable CBAs, as a party defendant. Plaintiffs also seek to amend the complaint to adding claims and factual allegations substantiating that Duke Energy which acquired Piedmont Gas in 2016 and subsumed its business operations and identity, is an alter ego and/or successor in liability to Piedmont Gas, and therefore is obligated and bound by the same applicable

---

[1] The original class action complaint filed in this matter on May 31, 2019 on behalf of Named Plaintiffs [Dkt. 1] was amended as of right pre-responsive pleading by the filing of a First Amended Complaint [Dkt. 7] on June 20, 2019, which added Local 702 as an additional party plaintiff.

2

CBAs described in the complaint and therefore bears the same liability as Piedmont Gas for violating the rights of Named Plaintiffs, Local 702, and the employee class.

## ARGUMENT

### I. THE COURT SHOULD GRANT PLAINTIFFS LEAVE TO AMEND

#### A. The Rules of Procedure Embody a Liberal Policy Toward Amendments

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Rule 15 reinforces the principle that cases should be tried on their merits rather than the technicalities of pleadings and therefore assumes a liberal policy of permitting amendments." *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 937 (6th Cir. 2004) (citations and quotations omitted). Relevant factors include "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment." *Seals v. GMC*, 546 F.3d 766, 770 (6th Cir. 2008).

Some factors carry greater weight. "Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001) (quoting *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989)). "To deny a motion to amend, a court must find 'at least some significant showing of prejudice to the opponent.'" *Ziegler v. Aukerman*, 512 F.3d 777, 786 (6th Cir. 2008) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986)).

#### B. Defendant Has Ample Notice of the Amendment

The Court's November 26th Order specifically noted that Plaintiffs, in their Response to the Motion to Dismiss filed on August 23, 2019 [Dkt. 15] requested that should the Court grant

3

the motion, that they be given "leave to amend the complaint to add Piedmont Natural Gas as a named defendant" and to "plead additional facts to assert joint employer and/or alter ego liability." [Dkt. 20 at 14, FN 4]. The Court then contemplated that Plaintiffs would have the ability to file a motion to amend. *Id*. Duke Energy has therefore known for over three months that Plaintiffs may seek to amend the Complaint in order to add Piedmont Gas and facts regarding Duke Energy's own liability as successor-in-interest and/or as alter-ego. Additionally, factual allegations Plaintiffs wish to add all pertain to Piedmont Gas and Duke Energy's business operations and relationship, and should be well-known to the Defendant. Lack of notice is not a viable objection to amendment here.

### C. The Proposed Amendment Will Not Cause Prejudice

If the Court grants Plaintiffs leave to amend, Defendant will not suffer any disadvantage. As stated above, Duke Energy already had notice of Plaintiffs' intent to add claims and supporting allegations regarding successor and/or veil-piercing liability. Assuming the Court permits the filing of the Second Amended Complaint, Defendant will have the opportunity to either file an Answer or to challenge the legal sufficiency of the allegations through another Rule 12(b)(6) motion to dismiss. Plaintiff is not aware of any affirmative defenses that would be unavailable to the Defendant should be Court permit the amendment, and discovery has yet to commence. Defendant is not prejudiced by granting the motion to amend.

### D. Plaintiffs Did Not Unduly Delay

Plaintiffs bring their motion to amend in a timely manner, just 14 days after the Court entered its Order of dismissal. Considering that the Court's Order issued just before the Thanksgiving holiday, this is a reasonable amount of time for Plaintiffs to have drafted the Second Amended Complaint and a properly supported motion to amend for filing.

### E. Plaintiffs Bring This Motion in Good Faith

Plaintiffs have one motivation for amending, and that is to address the pleading deficiencies identified in the Court's November 26th Order regarding the proper party defendants. Plaintiffs seek leave to amend so as to include all necessary parties, and to clarify and strengthen the allegations regarding Duke Energy.

### F. Plaintiffs Have Not Repeatedly Failed to Cure Deficiencies in Their Complaint

This is the first amendment sought by Plaintiffs which directly addresses the pleading deficiencies identified by the Court in its November 26th Order of dismissal, and thus the first opportunity for Plaintiffs to make curative changes to the Complaint.

### G. The Proposed Amendment is Not Futile

"The test for futility . . . does not depend on whether the proposed amendment could potentially be dismissed on a motion for summary judgment; instead, a proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000).

Plaintiffs argue that the proposed Second Amended Complaint is not futile. First, it adds Piedmont Gas as a party defendant. The inclusion of Piedmont Gas is a direct response to Duke Energy's argument that it is Piedmont Gas, and not Duke Energy, that signed the applicable CBAs which Plaintiffs' argue created the Plaintiffs' rights to their "Leave Bank" accounts. Second, the Second Amended Complaint adds facts regarding the substantial overlap in the identity and operations of Piedmont Gas and Duke Energy, such as: (1) shared corporate governance; (2) integration of accounting, human resources, and information technology; (3)

5

joint negotiation of collective bargaining agreements and labor relations; and (4) employees' workplace policies, payroll, benefits plans—and even identification badges—all fall under the "Duke Energy" name. These additional factual allegations make it clear that Piedmont Gas and Duke Energy are virtually inseparable, supporting Plaintiffs' claim that Duke Energy has liability in this matter as successor-in-interest or under an alter-ego theory.

## II. CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' leave under Fed. R. Civ. P. 15(a)(2) to file the Second Amended Complaint, attached to Plaintiffs' Motion to Amend as **Exhibit A**.

DATE: December 10, 2019                    Respectfully submitted,

*/s/ Joe P. Leniski, Jr.*
Joe P. Leniski, Jr. (BPR#22891)
Karla M. Campbell (BPR #27132)
BRANSTETTER STRANCH & JENNINGS, PLLC
The Freedom Center
223 Rosa L. Parks Ave., Suite 200
Nashville, Tennessee 37203
(615) 254-8801
joeyl@bsjfirm.com
karlac@bsjfirm.com

*ATTORNEYS FOR PLAINTIFFS*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 10th day of December, 2019, the foregoing document was filed using the Court's CM/ECF filing system to the following individuals:

John E. B. Gerth
Paul Savage Davidson
Waller, Lansden, Dortch & Davis, LLP (Nashville)
Nashville City Center
511 Union Street
Suite 2700
Nashville, TN 37219

             */s/ Joe P. Leniski, Jr.*
             JOE P. LENISKI, JR.