UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DARRELL PRIDY, GREGORY NABORS, MICHAEL SANDERS, and RANDALL ABSTON, on behalf of themselves and all others similarly situated, <br><br> AND <br><br> LOCAL UNION 702 OF THE UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRIES, <br><br> Plaintiffs, <br><br> v. <br><br> PIEDMONT NATURAL GAS COMPANY, INC. <br><br> AND <br><br> DUKE ENERGY CORPORATION, as the alter ego or successor in liability to PIEDMONT NATURAL GAS COMPANY, INC. <br><br> Defendants. | No. 3:19-cv-00468 <br> District Judge Aleta A. Trauger <br><br> CLASS ACTION <br> JURY DEMAND |

## MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Piedmont Natural Gas Company, Inc. ("Piedmont Gas") and Duke Energy Corporation ("Duke Energy") move the Court to dismiss the Second Amended Complaint asserted by Plaintiffs Local Union 702 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industries (the "Union") and Darrell Pridy, Gregory Nabors, Michael Sanders, and Randall Abston (collectively, the "Individual Plaintiffs").

As explained more fully in Defendants' Memorandum of Law, the Second Amended Complaint fails for at least four fundamental reasons. First, Duke Energy is not a proper party to this action: Duke Energy is the corporate parent of Piedmont Gas, not its successor in liability and not its alter ego. Duke Energy has never employed Piedmont Gas' employees or entered into any collective bargaining agreement with the Union. Second, neither the Union's breach of contract claim nor the Individual Plaintiffs' claim under the Employee Retirement Income Security Act of 1974 ("ERISA") have been raised through the proper grievance and arbitration procedure provided by the collective bargaining agreement, and Plaintiffs cannot bring suit without first exhausting their internal contractual remedies. Third, the Individual Plaintiffs' ERISA claim fails because the program at issue was a "payroll practice," not an ERISA-governed welfare plan, and in any event the "benefits" were not vested. Fourth, the Individual Plaintiffs' age discrimination claim is completely preempted by Section 301 of the Labor Management Relations Act ("LMRA"), such that the Tennessee Human Rights Act ("THRA") does not apply. For each of these reasons, the Second Amended Complaint fails to state a claim upon which relief can be granted, and should accordingly be dismissed.

In support of this Motion, Defendants rely upon its contemporaneously filed Memorandum of Law.

*s/ Paul S. Davidson*
Paul S. Davidson (TN BPR# 011789)
John E. B. Gerth (TN BPR# 024439)
WALLER LANSDEN DORTCH & DAVIS, LLP
The Nashville City Center
511 Union Street, Suite 2700
Nashville, Tennessee 37219
Phone: 615-244-6380
Email: paul.davidson@wallerlaw.com
Email: jeb.gerth@wallerlaw.com
*Counsel for Defendants Piedmont Natural Gas Company, Inc. and Duke Energy Corporation*

## Certificate of Service

I certify that a true and correct copy of the foregoing was served *via* the Court's CM/ECF system upon:

Joe P. Leniski, Jr.
Karla M. Campbell
BRANSTETTER STRANCH & JENNINGS, PLLC
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203

on January 13, 2020.

*/s/ Paul S. Davidson*
Paul S. Davidson